UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **LAKEISHA SHANTE WILLIAMS,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Civil Action No. 5:25-cv-01969-CLS |
| **JARVIS GARYS, et al.,** | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This action is before the court on the application of plaintiff, LaKeisha Shante Williams, to proceed *in forma pauperis*. Doc. no. 2.

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915(a)(1). That provision permits the court to authorize the commencement of a suit without prepayment of fees upon the party's submission of an affidavit, including a statement of all assets, in support of the party's inability to pay the required fee. Plaintiff has submitted such an affidavit, substantiating her inability to pay. Accordingly, the court finds that the motion is due to be granted.

Even so, a case in which the court permits a plaintiff to proceed without prepayment of fees still must be dismissed if the court determines that the action is "frivolous or malicious," or that the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). Therefore, the court is obligated to review the present complaint with those standards in mind.

Plaintiff's complaint was handwritten on a form provided by the Clerk to assist *pro se* plaintiffs when commencing a civil action.[1] That form requires a plaintiff to provide a short and plain statement of each claim, briefly stating the facts and how each defendant was involved. Plaintiff completed that section of the form by stating the following:

> I was railroad[ed] 12 years of my life stating that I was a felon of 2006 from a call from Kinisha Martin depatched [*sic*]. The police was miles away from me on Memorial [Parkway] when they followed me through lanes. I proceeded on HW [Highway] 72 till Oakwood where I had a wreck. I was hit by a Tahoe and was taken into the Madison County jail until I made bail. I was released out on bond where I done 8 to 7 months inside the Madison County jail[. I] was in G Unit where I remained until my release date of Jan. 23. 07.

Doc. no. 1 (Complaint for a Civil Case), at 5 (alterations supplied). As the basis for jurisdiction, plaintiff marked the boxes for "Constitutional or Federal Question," "USA Defendant," and "Diversity of citizenship."[2]

The court liberally construes *pro se* pleadings. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The court may not, however, "serve as *de facto* counsel for a party, or [ ] rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998) (alteration supplied) (internal citations omitted). Even under

---

[1] Doc. no. 1 (Complaint fora Civil Action).

[2] *Id.* at 3.

that liberal standard, the court still concludes that the allegations of plaintiff's complaint, without more, fail to establish this court's jurisdiction over any claims she may have.

As an initial matter, it appears that the incidents plaintiff complains of occurred during 2006, and at the latest, in January of 2007. Any claims that may have arisen from those incidents likely are time-barred.

Moreover, plaintiff's complaint does not assert a claim "arising under the Constitution, laws or treaties of the United States" and, therefore, she has not established the court's jurisdiction under 28 U.S.C. § 1331. The form provides a space for a plaintiff to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." Plaintiff's hand-written entry in that section is indecipherable, and she did not provide any such references. No federal claims are apparent from the information that plaintiff provided.

Likewise, plaintiff has not established that any of the defendants is an employee or officer of the United States government, such that there is federal jurisdiction under 28 U.S.C. § 1346. In section II.A. of the complaint, plaintiff identified "Officer Matthews" as the "USA Defendant," and listed the officer's address as "Wheeler Avenue." There is no indication that "Officer Matthews," or any other defendant, is

an employee or officer of the United States government.

Finally, plaintiff has not established the court's jurisdiction under 28 U.S.C. § 1332.  That statute requires the amount in controversy to exceed the sum or value of $75,000, and that the opposing parties be citizens of different States.  Plaintiff did not complete the portion of the complaint asking her to explain how the amount in controversy exceeds $75,000.  Additionally, from the face of the complaint, it appears that plaintiff and all of the defendants are citizens of Alabama.

Because there is no basis for this court's subject-matter jurisdiction, the action will be dismissed.  A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this 24th day of November, 2025.

_____
Senior United States District Judge